## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY GAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:19-CV-03302-DGK-SSA |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER REMANDING THE COMMISSIONER'S DECISION</u>

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Amy Gayer's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of cerebral aneurysm status post clipping with subsequent headaches and hypertension, but she retained the residual functional capacity ("RFC") to work as a document preparer, a patcher, and an addresser. Thus, she was not disabled.

After carefully reviewing the record and the parties' arguments, the Court finds it is unclear from the ALJ's decision whether the ALJ properly considered important evidence related to the severity and causation of Plaintiff's headaches, and so the decision is not supported by substantial evidence. The Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on September 8, 2016, alleging a disability onset date of June 23, 2016. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 31, 2018, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 24, 2019, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

2

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues the ALJ erred at Step Four in finding that she was able to perform a range of sedentary work despite her reports of frequent severe headaches and medical evidence consistent with her reports. Plaintiff argues the ALJ improperly analyzed some evidence, and failed to consider other evidence, related to her headaches.

The ALJ ruled that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her headaches were not entirely consistent with the medical evidence and other evidence in the record; that is, her statements concerning the frequency and severity of her headaches were not credible. R. at 21. The ALJ noted that Plaintiff reported experiencing severe headaches after undergoing a craniotomy for a cerebral aneurysm, but his decision is silent as to whether something associated with the aneurysm, or the treatment for it, could cause headaches as severe as Plaintiff claimed. Instead, the ALJ placed considerable weight on the fact that brain imaging scans revealed no findings which would explain her headaches. R. at 21-22. He also observed that in April 2016 (before her alleged onset date) Plaintiff told her primary care provider that her headaches had improved and that she was "ready to go to work." R. at 22. The ALJ also found Plaintiff could participate in an extensive range of daily activities. R. at 22. Finally, the ALJ discounted her symptoms because he found she received only conservative treatment for them. R. at 22-23.

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The Court holds the ALJ's analysis is incomplete because it does not discuss important, possibly outcome determinative, facts inconsistent with the above findings. First, Plaintiff's treating neurologist opined that the cause of her headaches was likely related to her previous aneurysm and brain surgery. R. at 313. Second, no physician doubted the severity of Plaintiff's headaches. Third, Plaintiff's reports concerning the type and location of pain she was experiencing were remarkably consistent: Her headaches were almost always on the right side of her head, the pain was right behind her right eye, and it sometimes felt like a stabbing pain. R. at 205, 439, 606, 715. Fourth, what the ALJ describes as a "conservative" treatment regime actually appears to be a constant process of doctors trying different drugs to give Plaintiff some relief—without success. Fifth, as for the array of "daily" activities she engaged in, the ALJ's decision does not acknowledge or discuss the uncontroverted testimony that she could do these activities *only when she was not experiencing a headache*, because her headaches often left her bedridden, and she experienced headaches fifteen to eighteen times per month. R. at 45. Thus, her "daily" activities were arguably activities she could engage in only approximately one-half the time. Sixth, the ALJ's decision does not acknowledge or discuss Plaintiff's consistent work history prior to her aneurysm and brain surgery. Plaintiff worked as a dental hygienist for fifteen years before she applied for disability, making between $10,000 and $24,000 per year. R. at 43, 158-59. The lack of discussion Plaintiff's work history, combined with the lack of discussion of these other facts, necessitates remand for additional proceedings. *See King v. Colvin*, 2014 WL 5343552, at *5 (W.D. Mo. Oct. 20, 2014).

## Conclusion

For the reasons discussed above, the Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

4

Date:   August 24, 2020                            /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT