IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AMY GAYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:19-CV-03302-DGK-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER GRANTING IN PART APPLICATION FOR ATTORNEYS' FEES</u>**

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff's application for Social Security benefits. Plaintiff challenged the denial in federal district court, and the Court granted the Commissioner's motion to remand. Upon remand, the Commissioner issued a fully favorable decision, finding Plaintiff became disabled on June 23, 2016. With the ALJ's decision, Plaintiff was awarded over $60,000 in past due benefits under Title II of the Social Security Act. After remand, the Court awarded Plaintiff's counsel $4,667.50 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 14.

Now before the Court is Plaintiff's counsel's motion for an award of attorneys' fees under 42 U.S.C. § 406(b). ECF No. 16. Section 406(b) provides that a court may award a "reasonable" attorney fee not to exceed 25% of past-due benefits under Title II of the Social Security Act for an attorney's representation of a plaintiff for Title II benefits. Plaintiff's counsel, the Parmele Law Firm, moves the court to award $15,438.00 as a reasonable § 406(b) fee. This amount is approximately 25% of Plaintiff's past-due benefits, and is what Plaintiff and the law firm agreed to in their fee agreement. Fee Agreement, ECF No. 16-5. Plaintiff's counsel also points out that where, as here, there is an award of attorneys' fees under both § 406(b) and the EAJA, federal law

requires the attorney to refund to the client the smaller of the two fees. As a practical matter, this means that if the Court were to approve the entire amount of requested attorneys' fees, Plaintiff would actually pay only $10,770.50 of the $60,000 award to her attorney ($15,438 - $4,667.50 = $10,770.50), with the EAJA fee award paid already by the Government to counsel making up the difference.

Although the client would "only" be paying $10,770.50 if the Court granted the requested fee award, counsel would still be receiving $15,438, and the Court has an obligation to act as an "independent check" on the fee agreement to ensure the requested fee yields a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In determining the reasonableness of a fee award, the Eighth Circuit has instructed trial courts to "consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08)).

In the present case, the fee agreement itself is reasonable; the character of the representation was straightforward and not particularly difficult; counsel achieved a good result for the client; and counsel was not responsible for any delay. But the benefits achieved—a $60,000 award—is dwarfed by the time Plaintiff's counsel spent on the case, twenty-three hours.[1] Even accounting for the fact that attorney who performed most of the work on this case, Kathleen Overton, is top-notch and worked very efficiently (and should not be penalized for doing so), fifteen thousand dollars is too much to charge for the work performed here. This was a straightforward, one-issue

---

[1] If the Court were to employ a lodestar analysis, this would result in an hourly rate of $671 ($15,438.00 ÷ 23.00 hours = $671.22/hour). This would be a hefty rate to charge in a Social Security case, even if the case were taken on a contingency basis.

2

Case 6:19-cv-03302-DGK   Document 18   Filed 10/08/21   Page 2 of 3

case where the result was a clear remand.  Accordingly, some reduction in the requested fee is in order.

The Court holds $11,500 is a reasonable fee for the work performed in this case.  This would equate to a rate of $500 an hour, which is still almost 250% more than the EAJA's statutory, non-contingent rate for services performed in 2020.  Thus, $11,500 is a fair award.

The motion is GRANTED IN PART.  The Court awards Plaintiff's counsel $11,500 under 42 U.S.C. § 406(b).  The Court also ORDERS Plaintiff's counsel to refund $4,667.50 to the client.

**IT IS SO ORDERED.**

Date:     October 8, 2021                  /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT